## Commonwealth *v.* Dodson, Appellant.

Argued October 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and GUNTHER, JJ.

*David Kanner,* for appellant.

*Nicholas H. Larzelere,* Assistant District Attorney, with him *J. Stroud Weber,* District Attorney, for appellee.

OPINION BY RENO, J., December 29, 1953:

This is an appeal by defendant who was convicted of indecent assault upon an eleven year old girl. He did not testify or produce any evidence on his behalf. After his conviction his motion for a new trial was refused, sentence was imposed, and he took this appeal.

The question raised is whether it was error to permit the chief of police to testify, over objection, that

the eleven year old girl said, in the police station, in the presence of himself, officer Jellison, the house sergeant, and the defendant: "The man is sitting right back there in the chair."

Appellant contends the trial judge erred in permitting the chief of police to testify to a statement made by one of the accusing persons in the presence of the defendant, which was denied by him. Appellant contends that the only reason for the admissibility of a statement made in the presence of a defendant or any person which is accusatory in nature is the tacit admission of the truth of the charge by silence. In support of his contention appellant relies on the principle set forth in *Com. v. Vallone*, 347 Pa. 419, 421, 32 A. 2d 889: "The rule of evidence is well established that, when a statement made in the presence and hearing of a person is incriminating in character and naturally calls for a denial but is not challenged or contradicted by the accused although he has opportunity and liberty to speak, the statement and the fact of his failure to deny it are admissible in evidence as an implied admission of the truth of the charges thus made. The justification of this rule is to be sought in the age-long experience of mankind that ordinarily an innocent person will spontaneously repel false accusations against him, and that a failure to do so is therefore some indication of guilt."

In the instant case there was no denial by the defendant of the identification made in his presence and hearing by the prosecutrix. True, there was testimony that he had denied the charges on which he was accused at the time of his arrest and later at the police station, but to make inapplicable the principle in *Com. v. Vallone*, supra, quoted above, the denial of an incriminating statement must be made spontaneously and the failure to immediately challenge or contradict an

incriminating statement cannot be excused or mitigated on the ground that there had been a previous denial of the charges to which the incriminating statement relates. It is obvious there cannot be a spontaneous repulsion of what might be considered a false accusation prior to its enunciation. The defendant was informed by the arresting officer of the nature of the charges against him. The subsequent statement of the prosecutrix identifying him as the man who had abused her was therefore a most damaging charge of an incriminating character and naturally called for a denial *at that time*. Under the circumstances, the statement of the prosecutrix and the fact of defendant's failure to deny her identification are admissible in evidence. See 20 Am. Jur., Evidence, §570.

However, the admission of the testimony of the chief of police in no way prejudiced the defendant. The question of identification had been gone into in great detail when the prosecutrix was on the stand prior to the time the chief of police testified. What she said at the time was brought out upon cross examination by counsel for the defendant as follows: "Q. By the way, when you said, 'this is the man', what did he say? A. Sir, he didn't say anything. Q. Didn't he say he didn't do it? A. No, sir, but he told the cops, or my brother, I don't know who he told, but he said, that he never saw us before and that was at the police station." The fact of defendant's denial of the accusation was therefore already in evidence at the time the chief of police testified as to the identification of the defendant by the prosecutrix.

Moreover, the prosecutrix had a right to identify the man who had abused her and those present had the right to testify as to what they saw and heard uttered by the victim and the defendant.

Judgment and sentence affirmed.