Commonwealth *v.* Salerno, Appellant.

Argued April 1, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (HIRT, J., absent).

*Michael von Moschzisker,* with him *Jacob Kossman,* for appellant.

*J. Harold Hughes,* Assistant District Attorney, with him *Raymond R. Start,* District Attorney, and *Joseph E. Pappano,* First Assistant District Attorney, for appellee.

OPINION BY ROSS, J., July 21, 1955:

This is an appeal by James Salerno after his conviction by a jury on two indictments, one charging conspiracy to engage in bookmaking, and the other bookmaking.

Appellant and one John DuHadway, for approximately six months prior to October 30, 1952, had an arrangement by which the latter allegedly turned over to appellant as banker horse bets placed by various persons. On one of the bets placed by a man named Raffa the appellant refused to pay off with the result that DuHadway ceased doing business with him. Thereafter DuHadway apparently placed the bets with some other person. On July 20, 1953 the police raided DuHadway's home and found evidence of the bookmaking and in due course both appellant and DuHadway were indicted, inter alia, for bookmaking and conspiracy to engage in bookmaking. They were indicted separately but each was accused of conspiring with the other and

"with divers other evil disposed persons". Admittedly appellant, if guilty of conspiracy at all, is guilty of conspiracy only with DuHadway under the state of the record here. The indictments against both DuHadway and Salerno on the bookmaking and conspiracy charges were laid on July 20, 1953. DuHadway was tried first and convicted of the bookmaking charge (which we affirmed in *Com. v. DuHadway*, 175 Pa. Superior Ct. 201, 103 A. 2d 489), but he demurred to the evidence on the conspiracy charge and was sustained. When appellant was tried, the evidence clearly indicated that he could not have been guilty of a conspiracy with DuHadway on July 20, 1953 as charged in the indictment, but that if he was guilty of a conspiracy at all it could not have been later than October 30, 1952 when he and DuHadway parted ways. The Commonwealth was allowed, therefore, to amend the indictments on the conspiracy and bookmaking to change the alleged date from July 20, 1953 to October 30, 1952. Appellant moved the court to dismiss the conspiracy charge because DuHadway's demurrer in his trial had been sustained and, therefore, he as one of the two conspirators, had in effect been acquitted. The court refused this motion. Appellant asked for a point for binding instructions and requested the court to charge that he should be acquitted because the only other conspirator had been acquitted. This was refused and the case was submitted to the jury on both charges. A verdict of guilty was returned in both and appellant's motion in arrest of judgment and for new trial based, inter alia, on this ground, was dismissed, whereupon appellant was sentenced on each of the charges, and this appeal followed.

In a charge for conspiracy the Commonwealth must prove that two or more are guilty. *Com. v. Faulknier,* 89 Pa. Superior Ct. 454, 459. Where, therefore, there

are only two conspirators and one is acquitted, the other cannot, of course, be tried or convicted. *Com. v. Avrach,* 110 Pa. Superior Ct. 438, 441, 168 A. 531. The law requires only that there be at least two guilty conspirators, not that there be two convicted conspirators. Where one of two conspirators is acquitted, then there is a legal determination that one is innocent and thus there cannot be two *guilty* conspirators. Where, however, one is not yet indicted or for some reason cannot be tried, there is no bar to the conviction of the other. For example in *Com. v. Hoffman,* 103 Pa. Superior Ct. 433, 157 A. 221, Hoffman was convicted of conspiring with certain persons who were employes of a mill which was on strike. Hoffman was not an employe, hence was not benefited by a statute which relieved striking employes from prosecution for conspiracy. The only other conspirators were employes. Hoffman contended that since the other conspirators could not be prosecuted he could not be convicted. This argument was rejected and it was held that ". . . if [Hoffman] . . . conspired with them to do such unlawful and criminal acts, he might be indicted, convicted and punished for so conspiring, although they could not." And in *Com. v. Bonnem,* 95 Pa. Superior Ct. 496, 502: "The principle is therefore well established in this state that one of two or more conspirators may be separately indicted and tried, or separately tried if jointly indicted, and, upon conviction, legally sentenced, if it appears from the record that there was a confederation between him and one or more other persons, and this although his confederate or confederates may not be available for, or ever brought to trial."

On this appeal Salerno does not contest the sufficiency of the evidence. He raises primarily three issues which he contends require either his discharge or a

new trial: (1) That since a demurrer was sustained at DuHadway's trial on the charge of conspiracy he, Salerno, being admittedly the only other conspirator in the October 1952 conspiracy, could not be tried or convicted of the conspiracy; (2) that the court erred in instructing the jury on accomplice testimony; and (3) that the trial court erred in restricting cross-examination and in its charge.

The obvious answer to appellant's first contention is that as given by the court below: "The indictments charged entirely distinct and separate conspiracies. The indictment against DuHadway . . . charges a conspiracy on July 20, 1953. The present indictment against Salerno . . . as amended, charges a conspiracy on October 30, 1952." In other words, DuHadway was acquitted (in effect) of conspiring with Salerno in July 1953. Appellant was convicted of conspiring with DuHadway in October 1952. We would do violence to the record if we were to assume that they were one and the same conspiracy. Consequently, the sustaining of DuHadway's demurrer to the indictment against him is not a bar to a conviction of appellant for a conspiracy between the two men at an entirely different date.

In connection with this first contention appellant has raised subsidiary issues to the effect that the record indicates that the conspiracy indictment was not amended but only the bookmaking indictment, and secondly that the court did not inform the jury of the amendment of the indictment. A study of the record indicates that there was prolonged, and somewhat confusing, discussion in chambers regarding the amendment of the indictments. That they were talking about the conspiracy indictment as well as the bookmaking indictment is made clear on pages 116a and 117a of the record where, after the district attorney asked for

leave to amend the date the court said "October 31st was Hallowe'en Eve; that is when the *conspiracy* was supposed to have ended." (Emphasis supplied.) So too, in the charge of the court, the date referred to with regard to the bookmaking and conspiracy was solely October 30, 1952, not July 20, 1953. There is no question raised that appellant was prejudiced by the amendment for his own counsel admitted he was not surprised nor was he unprepared for it. He made no objection to the amendment. Nor can we see how appellant was prejudiced by the fact that the court in so many words did not tell the jury the indictments had been amended. Throughout his charge the learned trial judge referred only to the October date in connection with the crimes and did not submit the July 1953 date at all. So long as there is no confusion or prejudice by failing specifically to tell the jury of the amendment it is harmless.

Appellant's second contention concerns the court's instruction on the effect of DuHadway's testimony, the alleged accomplice. This matter was not raised in the court below but is raised for the first time on appeal. However, we will dispose of it briefly. After charging the jury the court asked counsel if there were any corrections and appellant's counsel replied, "I have no exceptions to the charge." One of appellant's points for charge concerned the caution that DuHadway's testimony must be scrutinized carefully. Appellant's counsel after hearing the court's charge withdrew this request. If he felt that it had not been fully covered in the charge he should have objected then and requested what he believed was a proper caution. Nevertheless, we have thoroughly examined the charge in this respect and find it adequate.

Finally appellant asserts that the court erred in its charge and in refusing extended cross-examination

of a police officer on the matter of appellant's alleged admission in failing to deny accusations made in his presence and hearing. A Sergeant Urella testified that on July 20, 1953 at the police barracks he questioned DuHadway in appellant's presence and, inter alia, asked DuHadway if Salerno was the man to whom he had been turning over his bets. DuHadway answered in the affirmative. Salerno made no denial but lifted his head from his elbows, drew his hands down and turned around. Later, when Raffa was questioned in Salerno's presence about the failure to pay off the bet, Salerno interposed that it was a lie—"I never welched on a bet." Defense counsel on cross-examination attempted to show that at the magistrate's hearing, held later the same day, appellant called both Du-Hadway and Raffa liars when these same questions were answered. The accusations at the hearing were not brought out on direct examination and the court thus sustained the district attorney's objection to this cross-examination, which went beyond the scope of the direct examination. We think this was not reversible error. Cross-examination is limited to matters brought out on direct examination and matters dealing with credibility of the witness. The subsequent denials of the accusations made at the hearing were separate and apart from the undenied accusations made at the police barracks. They were not inquired into on direct examination and were, therefore, properly excluded on cross-examination. The only denial material to the issue would be one made at the time the accusation was made, not one made at another time and place. Cf. *Com. v. Dodson*, 174 Pa. Superior Ct. 421, 101 A. 2d 411. The extent of cross-examination is largely a matter for the discretion of the trial court and will not be reversed unless abused. *Kaplan v. Loev*, 327 Pa. 465, 469, 194 A. 653. It was not an abuse of discretion

to refuse cross-examination as to matters occurring subsequent to a separate and distinct occasion.

Appellant's assertion that the court's charge regarding this tacit admission was inadequate is equally without merit. In *Com. v. Vallone,* 347 Pa. 421, 32 A. 2d 889, evidence of a tacit admission is clearly made admissible: "The rule of evidence is well established that, when a statement made in the presence and hearing of a person is incriminating in character and naturally calls for a denial but is not challenged or contradicted by the accused although he has had opportunity and liberty to speak, the statement and the fact of his failure to deny are admissible in evidence as an implied admission of the truth of the charges thus made." However, at page 423, we find the caution: "Undoubtedly it is evidence of such a nature as to require that it be appraised with caution, and if it be referred to at all by the trial judge in his charge he should so instruct the jury." In his charge on this matter the trial court stated with regard to the caution: "The circumstances under which the accused's statement is made are important factors for the consideration of the jury in determining the weight to be given to the accused's silence under accusation. While not a bar to the admissibility of the evidence, the fact that the person accused was under arrest and that the charges against him were made by or in the presence of officials is to be taken into consideration by the jury in determining whether his standing mute should give rise to an inference of guilt. If the defendant, when he was accused by DuHadway, did not believe that even though it was a wrong statement he had to orally deny it then and there, his failure to do so cannot be held against him." While this does not in specific words tell the jury that the admission must be received with caution, it certainly clearly conveys that meaning,

for it discusses the factors which are necessarily considered in approaching the admission in a cautious manner.

The judgments are affirmed and it is ordered that appellant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with his sentences, or any part thereof which was uncomplied with at the time this appeal was made a supersedeas.