Commonwealth *v.* Turchetta, Appellant.

Argued April 18, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Stephen M. Feldman,* with him *Merle K. Evey, Joseph G. Feldman,* and *Feldman & Feldman,* for appellant.

*Frank B. Warfel,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BOK, May 25, 1961:

On October 6, 1958, appellant Turchetta pleaded guilty to sixteen bills of indictment in Blair County. On each of two pairs of these bills, charging false pretenses and conspiracy, there was a co-defendant, Steidle on one pair and Strong on the other. These men pleaded not guilty and their cases were severed and tried, consecutively, on December 7, 8, and 9, 1959. Appellant appeared as a witness for them at each trial. Steidle was tried first and convicted: Strong was acquitted.

On January 12, 1960, appellant was sentenced to 2½ to 5 years on bill 19, June Session, 1958, which was the Steidle case, and to 2½ to 5 years on bill 81, January Session, 1960, which was the Strong case, to run consecutively after the sentence on the Steidle bill: on the remaining bills he was given 1 to 2 years on each, to run concurrently with the sentence on the 1958 bill.

Defendant filed a motion for a new trial based on the court's refusal to allow him to withdraw his plea. He also filed a petition for leave to withdraw all pleas of guilty and to vacate his sentences, and a hearing was held on it on February 11, 1960. His testimony in the Steidle and Strong cases was offered in evidence at this hearing. The court denied both petition and motion. Defendant appealed to the Superior Court on all the bills to which he had pleaded guilty but later withdrew all but number 81 of June Session, 1958, the Strong case. The Superior Court affirmed the action of the court below and we allowed an allocatur.

Appellant made five attempts to withdraw his pleas of guilty: three before trial, one after trial and before sentence, and one after sentence. We will not concern ourselves with those attempts made after trial, since we are of opinion that those before trial should have

been heeded and are in a different case than any made after trial.

The record shows that on December 7, 1959, the day Steidle was tried, Mr. Smorto, counsel for appellant, moved "to withdraw the plea entered previously by the Defendant to the Indictment in question." This was denied. On December 8, the day of Strong's trial, Mr. Woodcock, appearing for Mr. Smorto on appellant's behalf, again moved "that the pleas of guilty entered by Mr. Turchetta to the charge of false pretense and to the charge of conspiracy be withdrawn for the reason that the pleas were entered at the time when there was a possibility of a settlement of this case and they are entered as a part, or at least by a method to which a settlement could be reached." This motion was also denied.

The other effort to withdraw his plea occurred fourteen months earlier, on the day the pleas were entered. At the hearing on his petition to withdraw them appellant testified that Messrs. Jubelirer and Loose, respectively his counsel and the district attorney, led him into the consultation room, took out some papers, and directed him to sign them, which he did: he was not told what the papers were or why he should sign them, but leniency was suggested if he did. He then said that five minutes after signing: "I went to Mr. Loose and I said I wanted to withdraw those pleas that I had signed, that I am not guilty, and I wanted to withdraw those pleas. He said, 'See your lawyer.'". He then spoke twice to Mr. Jubelirer but was "fluffed off" and told that everything was all right.

Most of this version was denied by Mr. Jubelirer and Mr. Loose, who said that every indictment was explained to appellant and that no promises were made. However, these men fully corroborated appellant's desire to withdraw his plea to the conspiracy charges. Mr. Loose testified: "Q. After the signing of the in-

dictments, what happened as between you and Mr. Turchetta? A. It was possibly one-half hour or more after we went into the consultation room that the indictments had been signed that I returned into this Court room. At that time I was standing somewhere in the vicinity of defense counsel's table and I observed Mr. Turchetta approaching me from the door on the South end of the Court room. *He came up to me and asked me what he had signed.* I told him that he had signed pleas of guilty to all of the charges of forgery, conspiracy and obtaining money under false pretenses. At that time Mr. Turchetta said to me, 'I didn't conspire with nobody. I ain't pleading guilty to no conspiracy.' And at that time I reminded him that each indictment had been identified, the substance made known to him, that each had been signed by him in the presence of his attorney, and with the approval of his attorney, and I told him to see his lawyer, Mr. Jubelirer." (Emphasis supplied.)

Mr. Jubelirer testified: ". . . And I either got a call at my office from Mr. Turchetta or out here. I don't remember. But I think it was in my office. He called me and said to me 'I have got to withdraw that charge of conspiracy.' And I wanted to know why and he told me . . . (interrupted)"

It is true that this corroboration covers only appellant's desire to withdraw his plea of guilty to conspiracy, with no mention of false pretense, but the point is that however much the charges may have been explained to him he did not comprehend them and wanted to withdraw his pleas to conspiracy. On this point the corroboration is complete. On the other charge there are still the two motions to withdraw his plea made at bar on the days of trial of the Steidle and Strong cases.

This is not like *Commonwealth v. Green,* 396 Pa. 137 (1959), 151 A. 2d 241, where defendant did not seek to

withdraw his plea of guilty until, after appeal to us, we had remanded the record for resentencing. In such case Mr. Justice JONES'S remark is most apt, referring to "his 'attorney's mistaken foresight made clear by the cold realities of hindsight' ", but it cannot apply here. The Superior Court and the court below were preoccupied with what they regard as clear evidence of appellant's guilt, but that is immaterial when considering the validity of a request to withdraw a plea made before guilt has been established by trial. Both the Superior Court and the appellee use the record of the trial on the Steidle indictment to argue that appellant's part was the same in both the *Strong* and *Steidle* cases.

We think that it was error to speculate about appellant's guilt on the two bills now before us. On the others he has withdrawn his appeals from the judgment of sentence, and hence he stands to that extent self-convicted of getting money from the Altoona bank by presenting it with sales of non-existent automobiles or non-existent sales of actual automobiles.

We pride ourselves on a system of justice as precise and definite as man can make it, and trial by jury is one of its fundaments. Hence, when a defendant admits eight offenses but asserts his innocence of a ninth, he should not readily be overridden. It would have been easy enough to grant his motion to withdraw his pleas and send him to trial with Steidle and Strong.

In *Commonwealth v. Senauskas,* 326 Pa. 69 (1937), 191 A. 167, we said that the failure of a judge to keep a promise about what sentence he would give is not binding and would be good reason to support a petition to withdraw a guilty plea, even if the judge had no right to make such a promise.

In *Commonwealth v. Patch,* 98 Pa. Superior Ct. 464 (1930), the court, referring to 20 ALR 1445, said: "It would seem that the practice in the various states

as well as in England is to exercise liberality in the withdrawal of a plea of guilty wherever there has been a mistake or even a misapprehension on the part of the defendant." The matter is one for the discretion of the court: *Commonwealth ex rel. O'Niel v. Ashe,* 337 Pa. 230 (1940), 10 A. 2d 404; *Commonwealth v. DiPaul,* 122 Pa. Superior Ct. 53 (1936), 184 A. 480; *Commonwealth v. Todd,* 186 Pa. Superior Ct. 272 (1958), 142 A. 2d 174.

We are not adversely impressed by appellant's waiting for fourteen months before moving the court to change his plea. He was out on bail, the case had been continued several times during the period, and the evidence persists that he tried almost at once to persuade his counsel and the District Attorney to withdraw at least his plea to the charge of conspiracy. We should not be ingenious to find reasons to deny a man his trial by jury when he presses for it before trial: to the contrary, the mood of liberality should set his way. We regard it as an abuse of discretion to disregard appellant's three pre-trial attempts to withdraw his pleas and his early assertion to both counsel that he misunderstood what he had signed.

The order of the Superior Court and the judgment of the court below are reversed, and a new trial is granted on the two indictments on appeal.

Mr. Chief Justice JONES and Mr. Justice EAGEN dissent.