## Commonwealth, ex rel. Franz v. Zaengle

*Donald H. Lipson,* for Commonwealth.
*William J. McCarthy, 3rd,* for defendant.

WIEAND, J., October 18, 1971.—This matter comes before the court on petition filed in the Juvenile and Domestic Relations Court of Union County, N.J., and forwarded to this court pursuant to the Uniform Reciprocal Enforcement of Support Law.[1] The petitioner, Minnie Franz, alleges that she is the mother and defendant, Charles Zaengle, is the father of a child born out of wedlock on February 4, 1964. She asks that an order be entered against defendant for the support of the child. Defendant has denied paternity, moved for a dismissal of the proceedings, and, in any event, has demanded a trial by jury. No other court has previously adjudicated the issue of paternity.

Prior to the amendment of the Pennsylvania Civil Procedural Support Law[2] by the Act of August 14, 1963, P. L. 872 (see 63 PS §§2043.32, 2043.35), an order for the support of an illegitimate child could be entered only after a determination of paternity had been made under The Penal Code of June 24, 1939, P. L. 872[3]: Commonwealth v. Donnelly, 14 D. & C. 2d 40. In such proceedings, defendant has always had the

---

[1]Enacted into law in Pennsylvania by the Act of May 10, 1951, P. L. 297. See 62 PS §2043. 1, et seq.

[2] Act of July 13, 1953, P. L. 431, 62 PS §2043.31. et seq.

[3] See 18 PS §§4506 and 4732.

unquestioned right to trial by jury. In 1963, the legislature caused the civil procedural law to be amended to permit the entry of an order for the support of an illegitimate child in proceedings had thereunder. The Supreme Court of Pennsylvania has held that the civil procedural law, as amended, did not dispense with the putative father's right to have the issue of paternity decided by a jury: Commonwealth v. Dillworth, 431 Pa. 479.

Since the support of illegitimate children is one of the duties of support now imposable under the laws of Pennsylvania, such duty of support may be enforced in proceedings under the Uniform Reciprocal Enforcement of Support Act: Section 7 of the Act of May 10, 1951, P. L. 279, as amended, 62 PS §2043.7: Commonwealth v. Beamer, 10 Adams L. J. 117. Thus a person residing in another State and having custody of a child born out of wedlock may institute proceedings in the State of residence, and such proceedings will be forwarded to the courts of this State for the entry of an order against the father who resides in Pennsylvania.

Did the legislature, when it adopted the uniform act, intend that a determination of the issue of paternity be made by the court without jury, or was defendant's right to trial by jury preserved? This must, of necessity, depend on the language of the statute. In interpreting the statute, however, "we should not be ingenious to find reasons to deny a man his trial by jury when he presses for it before trial": Commonwealth v. Turchetta, 404 Pa. 41, 47. "Statutes which tend to infringe on the right to trial by jury ought to be strictly construed": Commonwealth v. Dillworth, supra, at page 486.

Our examination of the language of the Uniform

Reciprocal Enforcement of Support Law, as adopted in Pennsylvania, discloses neither an express nor an implied intention to dispense with defendant's right to a jury trial on the issue of paternity. We hold, therefore, that defendant is entitled to demand such a trial.

Such procedure, it may be observed, will maintain a desirable uniformity with that procedure prescribed by the Civil Procedural Support Law.

## ORDER

Now, October 18, 1971, it is ordered that defendant's motion to dismiss the petition in the above-captioned proceedings be and the same is hereby denied. His request for trial by jury is granted, however, and it is ordered that the case be listed for trial at the January term of criminal court.