401 A.2d 760

COMMONWEALTH of Pennsylvania

v.

**Donald CHAMPION, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided April 4, 1979.

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Appellant contends that the trial court erred in denying his request to withdraw a plea of guilty prior to sentencing. We agree and reverse.

Appellant, Donald Champion, was charged with involuntary deviate sexual intercourse, aggravated assault, recklessly endangering another person, and firearms violations arising out of a sexual assault on August 16, 1974 in Pittsburgh.

On March 30, 1977, following an unsuccessful attempt to have the charges dismissed under Pa.R.Crim.P. 1100, a jury was selected to try appellant. He thereupon changed his plea to guilty of all charges. Sentence was deferred pending preparation of a pre-sentence investigation. On September 12, 1977, prior to sentencing, appellant moved orally to withdraw his plea of guilty. This was followed by a written request on September 29, 1977. Both requests were denied, and on September 30, 1977, appellant was sentenced to concurrent terms of imprisonment for not less than three years nor more than six years. Thereafter, the issue was presented to the trial court in a motion for new trial. After this had been denied, an appeal was filed to this Court.

■ Pa.R.Crim.P. 320 states: "At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." Even though the decision to allow withdrawal of a plea is within the court's discretion, such requests, if made before sentencing, should be liberally allowed. *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973); *Commonwealth v. Santos*, 450 Pa. 492, 301 A.2d 829 (1973); *Commonwealth v. Boofer*, 248 Pa.Super. 431, 375 A.2d 173 (1977).

■■ The test used to determine whether a petition to withdraw a guilty plea should be granted is that of "fairness and justice. . . . If the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted . . ." *Commonwealth v. Forbes*, supra, 450 Pa. at 191, 299 A.2d at 271. See also: *Commonwealth v. West*, 250 Pa.Super. 557, 378 A.2d 1289 (1977). A crucial factor in making this determination is whether the withdrawal will cause substantial prejudice to the Commonwealth. *Commonwealth v. McLaughlin*, 469 Pa. 407, 366 A.2d 238 (1976). Most recently, the Supreme Court has held that after the Commonwealth's case has commenced, the trial court can allow withdrawal of a guilty plea only for "compelling reasons . . ., such as a court's improper acceptance [of the plea]." *Commonwealth v. Whelan*, 481 Pa. 418, 422, 392 A.2d 1362, 1364 (1978).

Appellant contends that during the colloquy conducted at the entry of his plea he was told erroneously that he could appeal the denial of his Rule 1100 application to dismiss even after the entry of a guilty plea. He also complains that he was not told that he was presumed to be innocent of the charges against him. These contentions are substantiated factually by the record.

The Commonwealth contends, on the other hand, that trial had commenced and that it would have been substantially prejudiced if appellant had been permitted to withdraw his guilty plea.[1] At the time appellant's guilty plea was entered a jury had already been empanelled. To permit such a plea to be withdrawn in the absence of "compelling reasons", it is argued, would provide the means by which a defendant could set aside and replace a jury which he believed to be unfavorably disposed to him or to his cause. See: *Commonwealth v. Morales*, 452 Pa. 53, 55, 305 A.2d 11, 13 (1973).

In the instant case, we are constrained to hold that appellant's guilty plea was not knowingly and intelligently entered. For a guilty plea to be made knowingly and intelligently, a defendant must be aware of what the plea connotes and its consequences. *Commonwealth v. Rodgers*, 465 Pa. 379, 350 A.2d 815 (1976). See: *Commonwealth v. Montgomery*, 469 Pa. 374, 366 A.2d 221 (1976). The purpose of the guilty plea colloquy is to assure that the plea is being entered by the defendant with an understanding of the charges and an awareness of the consequences. *Commonwealth v. Buhl*, 262 Pa.Super. 178, 396 A.2d 704 (1978). Although knowledge of appellate rights is not essential to the entry of a valid plea, *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978), appellant was here told specifically that despite a plea of guilty he *would* nevertheless be able to argue the Rule 1100 issue on appeal. This was erroneous and prevented the entry of a knowing and intelli-

---

1. The Commonwealth also argues that it was prejudiced because pursuant to the plea bargain, it did not seek the full range of sentences possible. We note, however, that appellant sought to have his plea withdrawn *before* he was sentenced.

gent plea. Moreover, appellant was also not advised, as required, that he was presumed to be innocent of the charges against him. See: *Moore v. Commonwealth*, 477 Pa. 512, 384 A.2d 1206 (1978); *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977). Because of these defects in the colloquy, there did exist a compelling reason for allowing appellant to withdraw his plea of guilty.

By permitting the withdrawal of appellant's plea of guilty we do not imply that there is merit in his motion to dismiss under Rule 1100. The merit or lack of merit therein is not determinative of the application to withdraw the plea of guilty. The latter application is determined by the absence of appellant's understanding of the consequences of the plea which he entered.

The judgment of sentence and order are reversed, and a new trial is granted.