## Commonwealth v. Spence

*Harry A. Penich,* for the Commonwealth.
*Herman M. Rodgers,* for defendant.

ACKER, *J.,* January 16, 1981—This case comes before this court upon a motion for a new trial and a motion in arrest of judgment following conviction by a jury on April 21, 1980 of defendant of the charges of possession of a prohibited offensive weapon and criminal conspiracy to possession of a controlled substance. The jury could not conclude guilt or innocence as to the charges of unlawful delivery of drugs, unlawful possession of drugs and criminal conspiracy concerning unlawful possession of drugs. Upon motion by the district attorney, the court entered a nolle prosequi on July 25, 1980 as to those counts of the criminal complaint.

Defendant through his counsel has briefed and argued but two points. They are that the charge as to possession of an offensive weapon cannot be supported by the evidence and that the conspiracy charge must fail because the co-conspirator's (Kerry Summers) case was nol prossed as to the same charge. Subsequently upon permission of the court, defendant filed an amended motion for new trial contending that the District Attorney of Mercer County as a matter of regular practice and procedure uses peremptory challenges to eliminate black jurors. Defendant is of the Negroid race. Testimony was

taken as to the latter. The record disclosed the Commonwealth exercised five peremptory challenges in this case. All five jurors who were excused through peremptory challenges were not of the Negroid race. There is no question that an intentional planned and deliberate exclusion of or discrimination against members of a particular political or economic group, religious faith, race, ancestry, or sex by officers in charge of the selection and summoning of a jury violates the due process and equal protection clause of the Fourteenth Amendment to the Federal Constitution: Whitus v. Georgia, 385 U.S. 545, 87 S. Ct. 643 (1967); Commonwealth v. Martin, 461 Pa. 289, 295-296, 336 A. 2d 290 (1975). Such discrimination is grounds for a motion to quash the array or panel: Commonwealth v. Jones, 452 Pa. 299, 304 A. 2d 684 (1973). The burden is of course on defendant to prove the existence of a purposeful discrimination. Once a prima facie case is made out the burden shifts to the prosecution: Whitus v. Georgia, supra. After the stipulation was received by the court, the defense counsel wished to call on cross-examination the Assistant District Attorney, Harry A. Penich, to etablish the conduct alleged of excluding black jurors as contended in the amended motion. Upon inquiry by the court, defense counsel was asked by the court even if Penich would answer that there was such an exclusion what affect that would have on the instant case. In that there were no blacks defense was obligated to concede. This point is completely without merit. It is particularly troublesome to this court for defendant did not see fit to appear at the hearing and the Commonwealth was required to subpoena the citizens who had been on the jury panel and were excused simply for the purpose of showing that they were not of the Negroid race. Certainly defendant or his counsel could have

established those facts prior to the filing of the motion or at the very latest prior to the hearing and alleviate the necessity of the hearing.

Wherefore, the first contention is found to be without merit.

Defendant contends that there is insufficient evidence to establish that he is guilty of possession of an offensive weapon. The weapon, a sawed-off shotgun, was found in the back yard of defendant in a garbage bag along with many other items at the time of the search.

Defendant was arrested in Sharon, Pa., on the afternoon of September 20, 1979. He was transported to the Sharon Police Station. While there he gave the police permission to search his residence at 1045 Emerson Avenue in Farrell and signed a "Consent to Search form." Representatives of the Narcotics Unit then went to his residence with defendant's wife and a Farrell police officer. They arrived at about 4:15 pm and began to search. They found a loaded 410 sawed-off shotgun wrapped in a white towel in a garbage bag located to the outside rear of the home. Defendant was present at the time. Defendant stated, "Oh, you found my shotgun. I ain't going to deny that. I used that to protect my family and myself and I'd rather be caught with it than without it." Defendant testified in his case in chief that the "shotgun came out of my house" (at 1045 Emerson Avenue) and that "it was mine." Defendant testified at trial to language to this effect, "Oh, a shotgun. The way the world is today a man has to have a shotgun for his family." This version of the language was argued to the jury by defense counsel as not being an admission of ownership. The jury, however, had the right to disbelieve defendant as they did and to believe that he stated that he did own the weapon. There can be no plausible

argument that there was insufficient evidence to convict defendant of possession of an offensive weapon. In making that determination, the court is required to view the testimony in the light most favorable to the Commonwealth, thereby determining whether there is sufficient evidence that defendant committed the crime beyond a reasonable doubt: Com. v. Chenet, 473 Pa. 181, 373 A. 2d 1107 (1977); Com. v. Duncan, 473 Pa. 62, 373 A. 2d 1051 (1977). Circumstantial evidence alone may be sufficient to sustain a conviction: Com. v. Hoskins, 485 Pa. 542, 403 A. 2d 521 (1979); Com. v. Harper, 485 Pa. 572, 403 A. 2d 536 (1979).

Wherefore, this court concludes there is sufficient evidence to sustain the conviction.

Finally, defendant contends that a motion in arrest must be granted concerning the offense of conspiracy in that charges against the co-conspirator, Summers, were nol prossed. Conspiracy requires that a person conspire with another person or persons to commit a crime: Act of 1972, December 6, P.L. 334, §1, 18 Pa.C.S.A. §903. The requirement that there be another person participating in the crime with the defendant is of long standing. In Com. v. Campbell, 257 Pa. Super. 160, 390 A. 2d 761 (1978), the Superior Court reviews the law in Pennsylvania requiring that there be at least two guilty co-conspirators. The court refused to follow the American Law Institute's Model Penal Code Draft under which the failure to prosecute the only co-conspirator or an inconsistent disposition or inconsistent verdict in a different trial would not result in a defendant escaping criminal responsibility. The court noted that the comments of the Model Penal Code have not been adopted by the legislature and are not binding upon the Commonwealth, concluding that penal provisions are to be strictly construed, the

court would not presume a change in a well-established principle of law merely based on the Model Penal Code's commentary. A conviction of conspiracy was reversed where the co-conspirator had been acquitted prior to the defendant's trial. Other cases similarly holding that participation of two or more persons is essential in making out a conspiracy are Com. v. Santana, 216 Pa. Super. 183, 264 A. 2d 724 (1970); Com. v. Salerno, 179 Pa. Super. 13, 116 A. 2d 87 (1955); Com. v. Hunter, 240 Pa. Super. 23, 360 A. 2d 702 (1976).

In the instant case, the co-conspirator, Kerry Lynn Summers, entered into a plea negotiation with the Commonwealth by which he pled guilty to certain charges for which the charge of criminal conspiracy to the possession of drugs for which this defendant was convicted was nol prossed prior to the commencement of trial. This was part of a plea bargain. This court appreciates that a district attorney does have a general and widely recognized power to conduct criminal litigation and decide whether and when to prosecute and when to discontinue a case. Further, that a "nolle prosequi" is the voluntary withdrawal by the prosecuting officer of a present proceeding on a particular bill of indictment: Com. v. Whitaker, 467 Pa. 436, 359 A. 2d 174 (1976), defines a "nolle prosequi" as the voluntary withdrawl of criminal proceedings. It is provided for under the present Rule of Criminal Procedure 313. However, the Commonwealth cannot withdraw its nolle prosequi in light of the plea bargain with Summers. We learn from Com. v. Salerno, supra, that one defendant can be convicted even though a co-defendant may not be available for or even brought to trial. Support for this is found in Com. v. Mitchell, 99 Montgomery 254 (1975). It was there held that merely because charges were dropped at the pre-

liminary hearing against the co-defendant because one of the Commonwealth's chief witnesses was not available to testify it did not mean that the defendant could not be convicted of conspiracy since that co-defendant was not acquitted or discharged under circumstances amounting to an acquittal: In Com. ex rel. Maloney v. Duggan, 116 P.L.J. 214 (1968), in an opinion by Aldisert, J., now of the United States Third Circuit Court of Appeals, it was held that a conviction for conspiracy cannot stand where a co-conspirator has been acquitted or discharged under circumstances amounting to an acquittal. In Maloney, a petition for writ of habeas corpus was granted because the co-conspirator could not be prosecuted and found guilty due to the intervention of the two year statute of limitations as to him. The court concluded that in that the co-defendant may not by operation of law be also convicted a conviction could not stand against the principal defendant. It must therefore be determined whether the entry of a nolle prosequi is the equivalent of an acquittal or a determination that the defendant cannot at any time be subsequently prosecuted. The withdrawal of guilty pleas is controlled by Pennsylvania Rule of Criminal Procedure 319. Under that rule at any time before sentence the court may in its discretion permit or direct the pleas of guilty to be withdrawn and a plea of not guilty substituted. The test is whether the withdrawal will cause substantial prejudice to the Commonwealth: Com. v. McLaughlin, 469 Pa. 407, 366 A. 2d 238 (1976); Com. v. Morales, 452 Pa. 53, 305 A. 2d 11 (1973).

Even though the withdrawal of a guilty plea is within the discretion of the trial court it should be liberally allowed: Com. v. Champion, 264 Pa. Super. 605, 401 A. 2d 760 (1979). In examining the recent cases,

it is obvious that a defendant who desires to withdraw his guilty plea and has any plausible reason even though the court may be convinced that the defendant is not truthful will be permitted to do so if it does not prejudice the Commonwealth. Examples are Com. v. Santos, 450 Pa. 492, 301 A. 2d 829 (1973), where defendant was of Spanish origin and claimed a breakdown in the language. Defendant had pled to voluntary manslaughter and claimed that he did not know it until he saw it in the newspaper subsequently thinking he had pled to involuntary manslaughter despite the clear language of the trial judge in explaining the matter to defendant in court stating that it was voluntary manslaughter to which the defendant was proposing to plead. In Com. v. Boofer, 248 Pa. Super. 431, 375 A. 2d 173 (1977), an assertion of innocence in itself is a "fair and just reason" for permitting the withdrawal of a guilty plea. In Com. v. Turchetta, 404 Pa. 41, 171 A. 2d 54 (1961), evidence of guilt was held to be immaterial in considering the validity of her request to withdraw a guilty plea before sentencing. In Com. v. Reider, 255 Pa. Super. 163, 386 A. 2d 559 (1978), it was held that the court abused its discretion in denying the defendant's request to withdraw a guilty plea where a report subsequently received raised the possibility of insanity defense and there was no showing that the prosecution would be prejudiced. An example in which a defendant was not permitted to withdraw his guilty plea is Com. v. Williams, 248 Pa. Super. 395, 375 A. 2d 155 (1977), where it was held that judge shopping was not sufficient grounds to permit the withdrawal of a guilty plea.

If this court regards the nolle prosequi as the equivalent of a final determination of innocence of the co-conspirator and grants a motion in arrest of judgment as to this defendant, the door is open to

the co-conspirator to request a withdrawal of his guilty plea which could be regarded as the final act of the conspiracy between the parties. On the other hand, if the co-conspirator, Summers, is subsequently sentenced and the time for challenging the sentence passes, the plea bargain will be binding upon the Commonwealth and upon defendant and may well be regarded as if the co-conspirator was found not guilty. In that the co-conspirator has not been sentenced, defendant's motion in arrest of judgment is denied. In the event that the co-conspirator is sentenced prior to the sentence of this defendant and does not attempt to withdraw his guilty plea, this court will regard the nolle prosequi as a final determination of the case concerning the co-conspirator and will then enter an appropriate order.