456 A.2d 641

**COMMONWEALTH of Pennsylvania**

v.

**Patrick LONG, Appellant.**

Superior Court of Pennsylvania.

Argued May 20, 1982.

Filed Feb. 11, 1983.

Petition for Allowance of Appeal Denied June 1, 1983.

340

342

Joseph P. Martone, Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before ROWLEY, MONTEMURO and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant was charged with thirteen violations of the Crimes Code, 18 Pa.C.S. § 101 et seq., including rape,

involuntary deviate sexual intercourse and kidnapping, arising from the repeated sexual attacks upon a young woman. After the prosecution had presented approximately half of its case to the jury, appellant entered a guilty plea to ten of the thirteen counts.[1] The plea was accepted and the court ordered a pre-sentence investigation be performed. Prior to sentencing, appellant filed an application to withdraw his previously entered guilty plea. The lower court denied the application and imposed an aggregate sentence of 55 to 122 years. A second request to withdraw the plea and to modify the sentence was refused. This appeal followed.

Appellant raises four contentions in this court; we will address them in an order different from that of the appellant.

I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO ALLOW THE DEFENDANT TO WITHDRAW HIS GUILTY PLEA BASED ON THE POSSIBILITY THAT THE COURT–ORDERED PSYCHIATRIST WOULD CHANGE HIS OPINION IN LIGHT OF ADDITIONAL INFORMATION.

Appellant argues that in the period between the entry of his plea and the imposition of sentence, the examining psychiatrist received prior records concerning appellant's mental state. The results of one test indicated that in certain circumstances appellant's actions could be beyond his control. The doctor suggested additional testing to determine appellant's state of mind at the time of the incident. Thus appellant claims he was entitled to withdraw his guilty plea to allow him to consider presenting an insanity defense.

■ Unfortunately for appellant, the law of this Commonwealth is not in accordance with his position. While a pre-sentence attempt to withdraw a guilty plea should be liberally allowed, when the case has proceeded to trial the

---

1. The three remaining counts were nol prossed: kidnapping, possession of instruments of crime; and tampering with a witness.

Commonwealth has been, in several instances, deemed prejudiced by the withdrawal of the plea. The trial court will not be held to have abused its discretion in failing to grant the leave. *Commonwealth v. Whelan,* 481 Pa. 418, 392 A.2d 1362 (1978); *Commonwealth v. Morales,* 452 Pa. 53, 305 A.2d 11 (1973); *Commonwealth v. Ammon,* 275 Pa.Superior Ct. 324, 418 A.2d 744 (1980); *Commonwealth v. Champion,* 264 Pa.Superior Ct. 605, 401 A.2d 760 (1979). Two cases are worthy of further discussion.

In *Champion,* Id., the jury had been impanelled when the defendant attempted to withdraw his plea. This court found that the lower court had abused its discretion in refusing the motion. The panel of this court while espousing the requirement that a defendant must show "compelling reasons" for withdrawing a plea at this stage of the pleadings, found the standard was met as the plea itself was not knowingly and intelligently entered. The defendant had been incorrectly advised that his challenge based on Rule 1100, Pa.R.Crim.P. would be preserved, and he was not advised of the presumption of innocence. Here appellant's plea was knowingly and intelligently entered (See issue number 2, supra). Of more interest is *Commonwealth v. Reider,* 255 Pa.Superior Ct. 163, 386 A.2d 559 (1978) which appellant improperly relies on. *Reider* involved a plea entered prior to commencement of trial. There the defendant attempted to withdraw the plea in circumstances very similar to those at hand. Prior to the plea a psychiatric evaluation indicated the defendant was sane; prior to sentencing further psychiatric observation showed the defendant to suffer from paranoia. The lower court refused to permit the plea to be withdrawn. This court found the change in mental evaluations did not amount to a "fair and just" reason since the defendant was aware, based on his prior history, of a possible insanity defense. However, as the Commonwealth would not be prejudiced by the withdrawal, (it had not proceeded to trial,) the court should have allowed appellant to withdraw his plea.

■ . Here, appellant knew of his prior mental history but did not attempt to withdraw the plea until the Commonwealth was about to put the victim on the stand. In these circumstances, we find the prosecution would be severely prejudiced if appellant was permitted to withdraw his plea.[2]

2. WHETHER THE TRIAL COURT ERRED IN REFUSING TO ALLOW THE DEFENDANT TO WITHDRAW HIS GUILTY PLEA, WHICH PLEA, WAS NOT VOLUNTARILY, UNDERSTANDINGLY, AND INTELLIGENTLY TENDERED.

■ Appellant contends he was mentally incompetent to plead guilty. He claims he had been held in solitary confinement where he experienced auditory hallucinations. Based on the pressures of the situation he pleaded guilty. Appellant supports his contention by referring to his previous diagnosis as a paranoid schizophrenic and the fact he was under the influence of the drug, Navane.

The test for determining a defendant's mental competency to enter a guilty plea is whether he had sufficient ability at the pertinent time to consult with counsel with a reasonable degree of rational understanding, and have as a rational, as well as a factual understanding of the proceedings against him. *Commonwealth v. Marshall,* 454 Pa. 413, 312 A.2d 6 (1973); *Commonwealth v. McNeill,* 453 Pa. 102, 305 A.2d 51 (1973).

*Commonwealth v. Scott,* 271 Pa.Superior Ct. 545, 414 A.2d 388 (1979). We find that at the time of sentencing appellant was mentally competent. Pursuant to the court's order for a pre-sentencing report, appellant underwent further mental examination. He was found to be competent. As to the influence of the drug Navane, appellant himself stated the drug merely kept him calm; he did not indicate that it interfered with his ability to understand and react to the proceedings. (N.T., 3/13/81, p. 14) The drug was a tran-

2. The Commonwealth expressed concern over the effect upon the victim of testifying again (she testified at the preliminary hearing); The victim wished to relocate to start a new life. (N.T. 8/14/82, pp. 17–18).

quilizer; there was no claim that it inhibited his thought process. (N.T., 8/14/81, p. 5) The pressures to which appellant claims he succumbed, were those faced by most if not all criminal defendants facing trial and the possibility of a prolonged incarceration.

Therefore, we find the trial court acted properly. The court could assess for itself appellant's mental state. A recent mental evaluation contradicted appellant's claim. No adverse affect of the drug was detected. The colloquy had been full and complete with no indication that the plea was not freely and knowingly entered. Except for appellant's own testimony, the record does not support his position. Compare, *Commonwealth v. O'Brien*, 273 Pa.Superior Ct. 198, 417 A.2d 236 (1979); *Commonwealth v. Scott*, supra.

3. WHETHER THE SENTENCE IMPOSED ON THE DEFENDANT WAS EXCESSIVE IN LIGHT OF THE JUDGE'S FAILURE TO ARTICULATE HIS REASONS FOR THE SENTENCE ON THE RECORD.

The sentence imposed was within the statutory permissible range. Appellant's contention is that the sentencing court ignored the Sentencing Code guidelines, 18 Pa.C.S. § 1301, et seq., and failed to articulate its reasons for the sentence imposed. See *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). This, appellant insists deprives this court of its ability to review the sentence.

 Defense counsel argued on behalf of appellant; the prosecutor reviewed, on the record, appellant's prior criminal history including unsuccessful rehabilitative attempts. Judge Dwyer then offered the following comments:

As of this morning, I frankly, can see no hope for you [the appellant] at all, and for the last 15 years you have been involved in various types [of offenses]; including a number of serious offenses as a youngster, and as an adult.

The information received from Warren and from the other psychiatrists and psychologists indicate that you

have a real bad nature and how it started or why it started, I don't know. You will get some attention—I am going to sentence you so that you, naturally, would get some attention, and if there is any hope to straighten you out, that will be given your (sic) chance....

You should have real in-depth psychiatric treatment in any way of helping you and helping society. Considering the testimony that was presented at the trial and the colloquy between you and your attorney and the district attorney, at the time of the plea and considering all the information in the presentence report as to your past activities and the way it seemed to not affect you at all, no remorse, considering what you did to this victim, in this particular case, and the future that she has ahead of her, the Court is going to have to levy the following sentence on you.

(N.T., Sentencing pp. 41–43)

After imposing the sentence the court concluded:

I think for your own safety and definitely for the safety of society that you have to be incarcerated for as long as possible.

(Id. at 46)

Section 1325 of the Sentencing Code authorizes the imposition of total confinement.

§ 1325. Total Confinement

The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) The defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

Such a sentence must be imposed for the minimum amount of time that is consistent with the gravity of the offense, the rehabilitative needs of the defendant and the protection of the public. The court must consider the defendant's character and the particular circumstances of the crime. If the sentence complies with the above requirements, is within the statutory limits, and the reasons for such are stated on the record, this court will uphold the sentence. *Commonwealth v. O'Brien*, 282 Pa.Superior Ct. 193, 422 A.2d 894 (1980). While it is preferable that a court indicate on the record that it has considered the guidelines and applied them, when it is clear that such guidance was accepted, the court need not explicitly acknowledge its reliance of the Sentencing Code. *Commonwealth v. Russo*, 297 Pa.Superior Ct. 424, 444 A.2d 105 (1982); *Commonwealth v. Walton*, 289 Pa.Superior Ct. 411, 433 A.2d 517 (1981). In other words, when a statement of reasons as a whole demonstrates that the sentencing court took into account the factors contained in the sentencing code, the statement is sufficient even though the statute or guidelines are not referred to. *Commonwealth v. Doyle*, 275 Pa.Superior Ct. 373, 418 A.2d 1336 (1979).

■ Here, the court below considered the crime, appellant's history and as can reasonably be inferred from its comments concluded that: appellant was likely to commit further crimes as he had for fifteen years; rehabilitation had been and likely would be unsuccessful; and incarceration for a long period was deemed necessary. The court had before it the pre-sentencing investigation containing various reports on appellant's mental attitude, which supports its findings. We find that the court met its obligation under *Commonwealth v. Riggins*, supra. Compare *Walton*, supra. (Statement inadequate); *O'Brien*, supra. (Statement inadequate); and *Doyle*, supra. (Statement sufficient).

■ In reviewing the imposition of a certain sentence, an appellate court should ordinarily defer to the trial court which was better able to weigh the various considerations.

We will not replace the trial court's judgment with our own unless the sentence demonstrates that the court below clearly abused its discretion. *Commonwealth v. O'Brien,* supra; see also *Commonwealth v. Franklin,* 301 Pa.Superior Ct. 17, 446 A.2d 1313 (1982). In light of the nature of the crimes and appellant's criminal history and the unlikelihood of successful rehabilitation, we can find no abuse of the trial court's discretion. *Commonwealth v. Gunderman,* 268 Pa.Superior Ct. 142, 407 A.2d 870 (1979).

4. WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR PROCEEDING TO TRIAL WITHOUT FIRST INSURING THAT THE EXAMINING PSYCHIATRIST HAD REVIEWED RECORDS OF DEFENDANT'S MENTAL CONDITION.

Appellate counsel raises before this court for the first time trial counsel's ineffectiveness. Trial counsel was associated with the Erie County Public Defender's Office. One of the two co-counsel on appeal is also a member of that county's Public Defender's Office. It has become the rule in this Commonwealth, that where an appellant claims trial counsel was ineffective and such claim is not apparent on the record and on appeal, he or she is represented by counsel associated with trial counsel, this court will remand for the appointment of new counsel not associated with trial counsel or if appellant so chooses, to make an informed decision to proceed with current counsel. *Commonwealth v. Quarles,* 284 Pa.Superior Ct. 473, 426 A.2d 145 (1981); *Commonwealth v. Jellots,* 277 Pa.Superior Ct. 358, 419 A.2d 1184 (1980). However, this policy of remanding for new counsel should not be viewed as being absolute.

Recently, a panel of this court held "that where it is apparent to the appellate court that there is no arguable merit to [such] claim of ineffectiveness ... the appellate court need not remand...." *Commonwealth v. Bossick,* 305 Pa.Superior Ct. 196, 451 A.2d 489, 492 (1982). See also *Commonwealth v. Stiefel,* 286 Pa.Superior Ct. 259, 428 A.2d 981 (1981) (Dissenting Opinion by Van der Voort, J.);

and *Commonwealth v. Viall,* 278 Pa.Superior Ct. 613, 420 A.2d 710 (1980) (Dissenting Opinion by Wickersham, J.) Appellant's specific complaint here is that trial counsel should have delayed the trial to allow Dr. Paul, a psychiatrist, additional time to review appellant's prior mental health records. This, appellant would have us infer, would have resulted in a diagnosis more amenable to an insanity defense. We disagree, we clearly find from the record that such would not have been the case.

Prior to trial, Dr. Paul, in a report dated January 23, 1981, indicated he found that appellant did not suffer from psychosis. He did indicate that his opinion did not consider certain prior hospital records which he had not received at that time. Subsequent to appellant's plea, Dr. Paul, in a letter dated March 24, 1981, indicated that in light of the previously unavailable records, showing appellant had been previously diagnosed as paranoid schizophrenic, he believed further testing was necessary for a proper diagnosis. By order of court, appellant was placed in Warren State Hospital for further diagnostic observation and testing. By a report dated July 22, 1981, prior to sentencing, the staff of Warren State Hospital found insufficient evidence to justify a diagnosis of schizophrenia.

As was the case in *Bossick,* supra, the claim here of ineffectiveness lacks any arguable merit. The only effect of delaying trial would have been to reconfirm appellant's competence; this would not have been to appellant's benefit.

■ Review of trial counsel's ineffectiveness is especially appropriate in light of the present circumstances. Here trial counsel, A, is associated with appellate co-counsel, B, but appellate co-counsel, C, is not associated with A or B. We find that A's ineffectiveness may be argued on this appeal. We find no need to remand for the appointment of additional counsel. The purpose behind remanding for new counsel is to provide zealous advocacy to a claim of ineffectiveness. *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199

(1978).[3] While our research has failed to reveal any case in this Commonwealth addressing the current situation, we find that the interest of *Fox* is adequately protected here. We are confident that co-counsel, B & C, are capable of and did zealously promote their client's interests.[4]

Order and judgment of sentence affirmed.

3. The current situation should not be confused with the facts in *Fox* where *trial* co-counsel in subsequent proceedings attempted to argue his trial co-counsel's ineffectiveness. There this court feared that counsel would be unable to admit his own ineffectiveness and would attempt to place blame on co-counsel.

4. We must not overlook the point that this controversy could have been avoided by appointment of a single attorney not associated with trial counsel.