J-S59019-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                          :          PENNSYLVANIA

               Appellee    :

                                           :

                 v.                     :

                                           :

MICHAEL J. CONIKER,               :

                                           :

             Appellant    :    No. 119 WDA 2015

Appeal from the Judgment of Sentence August 11, 2014,
Court of Common Pleas, Allegheny County,
Criminal Division at No(s): CP-02-CR-0000696-2013
and CP-02-CR-0000714-2013

BEFORE:  BOWES, DONOHUE and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED SEPTEMBER 29, 2015**

Appellant, Michael J. Coniker ("Coniker"), appeals from the judgment

of sentence entered on August 11, 2014 by the Court of Common Pleas of

Allegheny County, Criminal Division.  For the reasons that follow, we affirm.

The notes of testimony from Coniker's guilty plea hearing reflect the

following factual history for this case:

> Beginning with Case No. 714 of 2013, the
> Commonwealth would call witnesses who would
> testify that on August 25, 2012, [Coniker] entered
> the house of his neighbor, Keith Edwards, without
> permission and he then fled and during the course of
> the flight he was apprehended by police officers.
> When he was apprehended by police officers, he
> informed them he had rigged his house with a
> propane tank by placing it next to his furnace to
> blow up first responders to his house.  Officers then
> checked his house and verified that there was a
> propane take hidden next to the defendant's furnace.

---

*Former Justice specially assigned to the Superior Court.

He communicated these to Officers Skillen and then Detective Leach.

With regard to the case at No. 696 of 2013, the Commonwealth would call witnesses who would testify that on August 24, 2012, [Coniker] had called Andrew Hrezo on the phone and made numerous threats to Mr. Hrezo threatening physical harm to him.

NT, 8/11/14, at 9.

The trial court summarized the procedural history of this case as follows:

[Coniker] was charged, at CC 20130071, with one count of burglary (18 Pa.C.S.A. § 3502(c)(1)); one count of criminal attempt burglary (18 Pa.C.S.A. § 901(a)); one count of criminal trespass (18 Pa.C.S.A. § 3503(a)(1)(ii)); one count of risking a catastrophe (18 Pa.C.S.A. § 3302(b)); one count of terroristic threats (18 Pa.C.S.A. § 2706(a)(1)); one count of recklessly endangering another person (18 Pa.C.S.A. § [2]705); and one count of disorderly conduct graded as a summary offense (18 Pa.C.S.A. § 5503 (a)(1)). At CC 201300696, he was charged with two counts of terroristic threats (18 Pa.C.S.A. § 2706(a)(1)).

On August 11, 2014[, Coniker] entered pleas of guilty pursuant to a plea agreement reached with the Commonwealth. That agreement provided for the withdrawal of the burglary and criminal attempt-burglary charges at CC 201300714 and one of the terroristic threat counts at CC 201300696 and the reduction of the criminal trespass charge to a charge of defiant trespass, graded as a misdemeanor of the third degree, and reduction of the risking a catastrophe charge from a felony of the third degree to a misdemeanor of the second degree. [Coniker] entered pleas of guilty to the reduced charges and the remaining charges that were not withdrawn and

an agreed upon sentence [] three years [of] probation was imposed at the risking a catastrophe charge at [CC] 201200696 and at the remaining terroristic threats charge at the other case number, to run concurrently. No further penalty was imposed on the remaining counts. [Coniker], through counsel, filed a [m]otion for [l]eave to [w]ithdraw his [g]uilty [p]lea[,] which was denied by operation of law on December 22, 2014. This appeal followed.

Trial Court Opinion, 4/13/15, at 2-3.

On appeal, Coniker raises the following issue for our review: "Did the lower court err in denying [Coniker]'s motion to withdraw his guilty plea without a hearing because the plea was entered when [Coniker] suffered from delusions which precluded him from entering a knowing and intelligent plea, which is evidence of manifest injustice?" Coniker's Brief at 6.

Our Court has held that "[t]here is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court." *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." *Commonwealth v. Pardo*, 35 A.3d 1222, 1227 (Pa. Super. 2011). "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices." *Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) (quotations omitted). Importantly, "a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate

prejudice on the order of manifest injustice before withdrawal is justified."

**Commonwealth v. Lincoln**, 72 A.3d 606, 610 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). Our Court has held that "[a] plea rises to the level of manifest injustice when it is entered into involuntarily, unknowingly, or unintelligently." **Id.** (quoting **Commonwealth v. Muhammad**, 794 A.2d 378, 383 (Pa. Super. 2002)).

Prior to accepting a guilty plea, a trial court must determine on the record whether it is voluntarily, knowingly, and intelligently tendered. **See** Pa.R.Crim.P. 590(a)(3). In order to ensure a voluntary, knowing, and intelligent plea, our Supreme Court requires that a trial court, at a minimum, ask the following questions during a plea colloquy:

1) Does the defendant understand the nature of the charges to which he is pleading guilty?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he has the right to a trial by jury?

4) Does the defendant understand that he is presumed innocent until he is found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Moser*, 921 A.2d 526, 529 (Pa. Super. 2007). Additionally, "the examination does not have to be solely oral. Nothing precludes the use of a written colloquy that is read, completed, and signed by the defendant, made part of the record, and supplemented by some on-the-record oral examination." *Id.* "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Pollard*, 832 A.2d at 523 (citation omitted). In assessing the adequacy of a guilty plea colloquy and the voluntariness of the subsequent plea, "the court must examine the totality of circumstances surrounding the plea." *Broaden*, 980 A.2d at 129.

Coniker argues that he did not enter a knowing, voluntary, and intelligent plea because at time he pled guilty, he was suffering from delusions that prevented him from fully understanding the ramifications of his plea. Coniker's Brief at 18. Coniker points to his allocution during his guilty plea hearing as proof that he did not understand what was happening and the ramifications of pleading guilty. *See id.* During his allocution, Coniker hardly spoke about the charges to which he was pleading guilty and instead spoke at length about his divorce, his troubled relationship with his wife's family, and his belief that the mental health system in this Commonwealth is corrupt. *See* N.T., 8/11/14, at 11-17. Coniker therefore contends that he was not competent to plead guilty. *See id.* at 18-19.

Coniker concedes that his guilty plea colloquy met all of the requirements of Rule 590(a)(3). Coniker's Brief at 18. Moreover, our review of the certified record on appeal amply demonstrates that his oral and written plea colloquies covered each of the six areas of Rule 590(a)(3) listed above. *See* N.T., 8/11/14, at 2-11; Guilty Plea Explanation of Defendant's Rights, 8/11/14.

Therefore, we turn our attention to Coniker's argument that he was not competent to plead guilty and did not fully understand the nature of his guilty plea proceedings. "The test for determining a defendant's mental competency to enter a guilty plea is whether he had sufficient ability at the pertinent time to consult with counsel with a reasonable degree of rational understanding, and have as a rational, as well as a factual understanding of the proceedings against him." ***Commonwealth v. Long***, 456 A.2d 641, 644 (Pa. Super. 1983).

The certified record reflects the following. In his written colloquy, when asked if he ever had any physical or mental illness that would affect his ability to understand his rights or affect the voluntary nature of the plea, Coniker answered "no." Guilty Plea Explanation of Defendant's Rights, 8/11/14, ¶ 64. Additionally, after Coniker informed the trial court during his oral colloquy that he took lithium, he also told the court that it did not affect his ability to understand the proceedings. N.T., 8/11/14, at 7-8. "A person who elects to plead guilty is bound by the statements he makes in open

court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Therefore, there is no support in the record for Coniker's claim that he was delusional and not competent to plead guilty. The record reflects that his oral and written colloquies satisfied Rule 590(a)(3) and that Coniker had a full understanding of his guilty plea proceedings. Accordingly, we conclude that Coniker made a knowing, voluntary, and intelligent guilty plea. As such, Coniker's claim provides no basis for relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2015