386 A.2d 559

COMMONWEALTH of Pennsylvania

v.

Donald L. REIDER, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided April 13, 1978.

Reargument Denied May 31, 1978.

Paul W. Brann, Lewisburg, for appellant.

Graham C. Showalter, District Attorney, Lewisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was originally charged with three counts of aggravated assault, one count of arson and two counts of criminal mischief. As the result of a plea bargain, appellant pleaded guilty to one count of each charge; the other three charges were nol prossed. Appellant, before sentencing sought to withdraw his guilty plea. That request was refused by the court. The sole issue on this appeal is whether the court erred in denying the request.

On April 25, 1976 appellant physically attacked his parents, striking his father on the hand with a lug wrench, shoving his mother down a stairway. He also pointed a gun at a police officer who came on the scene for assistance, started a fire in the home and smashed windows, dishes, and a television set. Appellant had been committed to the State School and Hospital at Danville some time before this incident, being released in June of 1975. As a result of the incident of April 25th, his parents filed a petition pursuant to the Mental Health Act (50 P.S. § 4101) to determine whether appellant was mentally disabled. In the opinion of Dr. Kroner, the psychiatrist who examined him, appellant was sane, was aware of his behavior and knew his conduct was unacceptable. The psychiatrist recommended that the appellant not be treated in a mental institution, but be punished for his behavior, as this was the only way appellant would recover from his anti-social attitude.

After his plea of guilty and prior to sentencing, the court ordered appellant to undergo diagnostic observation and examination for a period not exceeding sixty (60) days. The resulting report indicated that appellant possessed certain psychotic characteristics in particular, paranoia. The appellant contends this report, although not indicating appellant was legally insane, furnished the possibility of an insanity defense and that the court's denial of his request to withdraw his guilty plea was an abuse of discretion.

Initially, we note that Pennsylvania Rule of Criminal Procedure 320 permits the withdrawal of a guilty plea after it is entered. However, the withdrawal of a guilty plea is not a matter of right. *Commonwealth v. Hayes*, 462 Pa. 291, 341 A.2d 85 (1975), *Commonwealth v. Peoples*, 456 Pa. 274, 319 A.2d 679 (1973). However, the Pennsylvania Supreme Court has stated that ". . . it is clear that a request made *before* sentencing . . . should be liberally allowed." *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973). Citing the ABA Project of Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1(b) (Approved Draft, 1968), the court went on to say that a court may allow the withdrawal of a guilty plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance on the guilty plea.

Analyzing these two factors—a "fair and just" reason and prejudice to the prosecution—and keeping in mind that requests to withdraw a guilty plea made before sentencing should be liberally allowed, we feel the lower court abused its discretion in denying appellant's request. Although the appellant and his attorney were aware of his past history, the report by Dr. Kroner apparently extinguished any hope of an insanity defense. The second report, that was made after the plea was accepted, did not conclude that appellant was legally insane, but it did state he suffered from paranoia. We do not feel that appellant's "fair and just" reason is a very substantial one since he already was aware of the possibility of an insanity defense from his prior history. However, when we balance this against the

second factor, the prejudice to the Commonwealth, we find that the requested withdrawal should have been granted. The Commonwealth claims it was prejudiced because it nol prossed the two counts of aggravated assault and one count of criminal mischief. This is not any prejudice at all, since double jeopardy did not attach when the three counts were nol prossed.[1] We see nothing that would bar the Commonwealth from proceeding on these three counts if appellant had been permitted to withdraw his guilty plea. Therefore, since the Commonwealth claims no other prejudice we hold that the lower court abused its discretion to denying appellant's request to withdraw his guilty plea.

The sentences are vacated and this case is remanded for trial.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

1. See *Commonwealth v. McLaughlin*, 293 Pa. 218, 142 A. 213 (1928), *Commonwealth v. Stock*, 463 Pa. 547, 345 A.2d 654 (1975), and *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).