J-S46029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MATTHEW P. MIKOTTIS, | |
| Appellant | No. 1991 MDA 2016 |

Appeal from the Judgment of Sentence November 22, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003289-2015

BEFORE:  BOWES and OLSON, JJ., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY OLSON, J.:          **FILED JUNE 01, 2018**

My learned colleagues conclude that the trial court correctly denied Appellant's motion to withdraw his guilty plea – albeit for substantially different reasons.  As I disagree with the rationale offered by both my colleagues, and believe that the trial court erred by denying Appellant's motion to withdraw his guilty plea, I respectfully dissent.

As Justice Stevens notes, our Supreme Court mandates that trial courts liberally grant a defendant's request to withdraw his or her guilty plea prior to sentencing.  **Majority Memorandum**,[1] **ante** at 2, *quoting* **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1291-1292 (Pa. 2015).  In determining

---

[1] Although it is better characterized as a memorandum announcing the judgment of the court, for simplicity I refer to Justice Stevens' memorandum as the Majority Memorandum.

* Former Justice specially assigned to the Superior Court

whether to grant a presentence motion for withdrawal of a guilty plea, "the test to be applied by the trial court[] is fairness and justice." *Commonwealth v. Kerbacher*, 594 A.2d 655, 656 (Pa. 1991) (internal alteration and citation omitted); *see Majority Memorandum*, *ante* at 2, *quoting Carrasquillo*, 115 A.3d at 1291-1292.[2] Therefore, if a defendant provides a fair and just reason to withdraw his or her guilty plea, the trial court should grant it unless it would substantially prejudice the Commonwealth. *Commonwealth v. Hvizda*, 116 A.3d 1103, 1105 (Pa. 2015) (citation omitted); *see Majority Memorandum*, *ante* at 2, *quoting Carrasquillo*, 115 A.3d at 1291-1292.[3]

---

[2] The Concurring Memorandum takes issue with this "nebulous" test. *See Concurring Memorandum*, *ante* at 10. The wisdom of this test, however, is immaterial to our disposition of this case. As this Court recently explained, "we are duty-bound to effectuate our Supreme Court's decisional law." *Commonwealth v. Edwards*, 177 A.3d 963, 971 n.15 (Pa. Super. 2018) (internal quotation marks, alteration, and citation omitted). As the Chief Justice of the United States stated, "it's my job to call balls and strikes and not to pitch or bat." *Commonwealth v. Herman*, 161 A.3d 194, 222 n.4 (Pa. 2017) (Wecht, J., concurring and dissenting) (citation omitted). In this case, calling balls and strikes requires granting Appellant relief.

[3] Judge Bowes believes it is a "short jump" from finding a reason to withdraw a guilty plea is fair and just to finding that same reason must be accepted after sentencing to avoid manifest injustice. *See Concurring Memorandum*, *ante* at 10-11. In other words, she does not believe that there is a meaningful difference between the standards employed when reviewing a motion to withdraw a guilty plea filed prior to sentencing and one filed after sentencing. As this Court has explained, our Supreme Court has rejected this reasoning. *Commonwealth v. Pardo*, 35 A.3d 1222, 1226 (Pa. Super. 2011), *appeal denied*, 50 A.3d 125 (Pa. 2012), *citing Commonwealth v. Lesko*, 467 A.2d 307, 310 (Pa. 1983) ("Our Supreme Court has established significantly different standards of proof for defendants who move to withdraw a guilty plea before sentencing and for those who move to withdraw a plea after sentencing.").

In finding Appellant's claim waived, the Majority Memorandum relies on the rule that, when a defendant pleads guilty, he or she waives all non-jurisdictional defects relating to that conviction. Although this is a correct statement of the law, it is inapposite when considering the issue presented in this appeal. Simply put, pleading guilty does not foreclose the existence or emergence of a fair and just reason to seek withdrawal of one's plea. The Majority Memorandum does not cite a single case in which this Court or our Supreme Court held that, by pleading guilty, a defendant waives his or her right to seek review of an order denying a motion to withdraw a guilty plea. To the contrary, the only case cited by the Majority Memorandum in the substantive portion of the analysis stands for the opposite proposition. In **Commonwealth v. Lincoln**, 72 A.3d 606 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014), this Court noted that a defendant does not waive his or her right to seek withdrawal of his or her guilty plea (or appeal the denial of such a motion) by pleading guilty. ***See id.*** at 609-610. Instead, this Court held that a defendant only waives his or her right to seek withdrawal of a guilty plea if he or she files the motion to withdraw more than ten days after sentencing. ***See id.*** at 610. In this case, Appellant moved to withdraw his guilty plea before sentencing. Hence, the lone case cited by the Majority Memorandum supports my position.

In her Concurring Memorandum, Judge Bowes, on the other hand, asserts that Appellant's claim is properly characterized as an ineffective

assistance of counsel claim. Respectfully, I believe that this assertion misapprehends the test for withdrawing a guilty plea before sentencing and misinterprets Appellant's argument. Relying on **Commonwealth v. Hickman**, 799 A.2d 136 (Pa. Super. 2002), the Concurring Memorandum correctly notes that "an attempt to establish that a plea was unknowing or involuntary due to deficient legal advice sounds in ineffectiveness." **Concurring Memorandum**, **ante** at 3. Appellant, however, was not required to show that his plea was unknowing or involuntary. Instead, Appellant was only required to provide a fair and just reason for withdrawing his guilty plea. **Carrasquillo**, 115 A.3d at 1291-1292. Although an unknowing or involuntary plea may be a fair and just reason for seeking withdrawal of a guilty plea, there are other fair and just reasons for withdrawing a guilty plea. I am not aware of any case law that holds that a major change in the law is not a fair and just reason.[4]

A recent decision of this Court illustrates why I believe that my learned colleagues' conclusions are incorrect. In **Commonwealth v. Islas**, 156 A.3d 1185 (Pa. Super. 2017), the defendant, after entering a guilty plea, learned from new defense counsel about his right to call character witnesses. This

---

[4] The Concurring Memorandum states that "our precedents do not directly address whether an ineffectiveness claim premised on a desire to pursue a Fourth Amendment suppression remedy which was bolstered by a change in law constitutes a fair and just reason[.]" **Concurring Memorandum**, **ante** at 8. As discussed **infra**, there is case law which, while not directly on point, indicates that a change in the law may constitute a fair and just reason for withdrawing a guilty plea.

Court found that was a fair and just reason for permitting withdrawal of the guilty plea. *Id.* at 1191. The defendant in *Islas* waived his right to call character witnesses by pleading guilty. Nonetheless, this Court held that he provided a fair and just reason for withdrawing his guilty plea. In other words, although a defendant waives all non-jurisdictional defects by pleading guilty to an offense, he or she does not waive the right to seek withdrawal of that guilty plea and/or challenge the voluntariness of that plea on appeal. This holding raises grave doubts about the conclusion that waiver precludes Appellant's challenge to the order denying his motion to withdraw his guilty plea.

Furthermore, this Court did not treat Islas' claim as an ineffective assistance of counsel claim. The Concurring Memorandum asserts that this Court's holding in *Islas* was based on a claim of innocence and that was consistent with *Carrasquillo* – a case in which the defendant's reason for seeking withdrawal of his guilty plea was a claim of innocence. *See Concurring Memorandum*, *ante* at 7-8. Although correct that the defendant in *Islas* proclaimed innocence when seeking to withdraw his guilty plea, the Concurring Memorandum concedes that this Court considered the defendant's discovery (through new counsel) of his right to call character witnesses when determining whether he had a fair and just reason for withdrawing his guilty plea. *Id.* It is impossible to cull Islas' discovery about the right to call character witnesses from his assertion of innocence in

- 5 -

determining whether he came forward with a fair and just reason to withdraw his plea. This Court considered both factors when determining if Islas provided sufficient grounds to withdraw his plea.

As the Concurring Memorandum notes, in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court held that, except in limited circumstances not present in the case *sub judice*, a defendant may not raise an ineffective assistance of counsel claim on direct appeal. Because Islas' argument that he learned of his right to call character witnesses was not an ineffectiveness of counsel claim, there is no tension between **Islas** and **Holmes**. Instead, Islas raised his discovery of the right to call character witnesses as a fair and just reason for seeking withdrawal. Thus, this Court properly considered that factor when determining if Islas presented a fair and just reason for seeking withdrawal.

Relying on **Commonwealth v. Orlando**, 156 A.3d 1274 (Pa. Super. 2017),[5] the Concurring Memorandum concludes that the appropriate avenue for Appellant to seek relief is the PCRA. **See Concurring Memorandum**, **ante** at 11. Respectfully, this argument offers Appellant the sleeves out of a vest. Indeed, Pennsylvania case law bars Appellant from seeking PCRA relief on the grounds suggested by the Concurring Memorandum. Our Supreme

---

[5] In **Orlando**, the petitioner argued that his plea counsel was ineffective for failing to notify him that the relevant criminal statute did not cover his conduct. **Orlando**, 156 A.3d at 1281. This Court recognized that a claim that plea counsel was ineffective is cognizable under the PCRA. **See id.**

Court "has repeatedly held trial counsel cannot be deemed ineffective for failing to anticipate" a change in the law. ***Commonwealth v. Hannibal***, 156 A.3d 197, 231–232 (Pa. 2016). In ***Hannibal***, the defendant in a capital case argued that his counsel was ineffective for failing to seek a jury instruction that informed the jury that he would not be eligible for parole if he were sentenced to life imprisonment. Prior to Hannibal's trial, the Supreme Court of the United States granted *certiorari* and heard oral argument in ***Simmons v. South Carolina***, 512 U.S. 154 (1994). The decision in ***Simmons***, which held that defendants are entitled to such a jury instruction in certain circumstances, was issued after Hannibal's trial. Our Supreme Court rejected Hannibal's ineffective assistance of counsel argument and reiterated that counsel can never be deemed ineffective for failing to anticipate a change in the law – even when it appears likely that such a change will occur in the near future. ***Hannibal***, 156 A.3d at 231–232. As the law at the time of Hannibal's trial did not entitle him to such a jury instruction, his counsel was not ineffective in failing to request it.

A similar situation is present in the case at bar. Although prior to entry of Appellant's plea the Supreme Court of the United States granted *certiorari* and heard argument in ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016), the subsequent favorable ruling in that case would not constitute valid grounds

for PCRA relief based on counsel's failure to file a suppression motion.[6]  Such a suppression motion would have required anticipation that **Birchfield** would upset the implied consent laws in Pennsylvania.  Thus, under a long line of cases, including **Hannibal**, Appellant will be barred from pursuing PCRA relief based on counsel's failure to pursue a suppression motion.

The Concurring Memorandum's attempt to distinguish **Hannibal** is unpersuasive.  No difference exists between a change in the law affecting a trial court's ability to give a requested jury instruction and a change in the law affecting a trial court's ability to grant a suppression motion.  In both circumstances, the trial court is bound by precedent to reach a certain result.  In **Hannibal**, our Supreme Court reiterated that a defendant cannot claim counsel was ineffective for failing to anticipate a change in the law – even when the issue was argued before the Supreme Court of the United States prior to the trial court's ruling.  Therefore, the Concurring Memorandum's suggestion that the PCRA is the correct avenue for Appellant to seek redress for his grievance is fundamentally flawed.  Instead, this direct appeal is the

---

[6] The Concurring Memorandum states "that [**Birchfield**] could have been decided the other way." **Concurring Memorandum**, **ante** at 9.  However, prior to Appellant's guilty plea, Supreme Court experts predicted that **Birchfield** would strike down the laws in question. **See** Amy Howe, *Argument analysis: Criminal penalties for refusal to take a Breathalyzer test in jeopardy?*, SCOTUSblog (Apr. 20, 2016, 9:55 PM) (available at goo.gl/SpqZXt) ("[A]fter today's argument, blood tests without a warrant may be a lost cause. The only real question may be whether enough [j]ustices are convinced that, even if a breath test is only minimally invasive, warrants are easy enough to obtain that they should be required anyway.").

only means for Appellant to seek review of the trial court's decision denying him permission to withdraw his guilty plea. I believe that decisions from both our Supreme Court and this Court strongly support Appellant's present right to raise such a challenge.[7]

In addition to the recent *Islas* case, I find instructive the prior decision of this Court in *Commonwealth v. Reider*, 386 A.2d 559 (Pa. Super. 1978) (*per curiam*). In *Reider*, the defendant physically attacked his parents after which his parents sought a declaration that the defendant was mentally disabled. A psychiatrist determined that the defendant was competent to stand trial. Thereafter, he pled guilty. "After his plea of guilty and prior to sentencing, the [trial] court ordered [the defendant] to undergo diagnostic observation and examination for a period not exceeding [60] days. The resulting report indicated that [the defendant] possessed certain psychotic characteristics in particular, paranoia." *Id.* at 559.

Based on this report, the defendant sought to withdraw his guilty plea and the trial court denied the request. On appeal, this Court reversed and found that the report was a fair and just reason for permitting withdrawal. *See id.* at 560. This Court reasoned that "[a]lthough the [defendant] and his attorney were aware of his past history, the report by [the original

---

[7] For this reason, I do not proceed from the assumption that this defendant must be permitted to withdraw his guilty plea. *See Concurring Memorandum*, *ante* at 8. Instead, I believe Appellant is entitled to raise this issue on direct appeal and is barred from receiving collateral relief.

psychiatrist] apparently extinguished any hope of an insanity defense. The second report . . . did not conclude that [the defendant] was legally insane, but it did state he suffered from paranoia." *Id.*

An analogous situation is present in this case. At a minimum, Appellant and his counsel could have been aware that the Supreme Court of the United States granted *certiorari* in **Birchfield** five months prior to Appellant's guilty plea. **See Birchfield v. North Dakota**, 136 S.Ct. 614 (2015) (*per curiam*). Nonetheless, Appellant was not aware that the outcome of that case would render his blood draw subject to challenge. Thus, although Appellant should have waited to plead guilty until **Birchfield** was decided, that does not mean the **Birchfield** decision failed to provide a fair and just reason for Appellant to seek withdrawal of his guilty plea.[8] **See Reider**, 386 A.2d at 560.

As the Concurring Memorandum notes, **Reider** was decided prior to **Holmes** and other cases that bar defendants from raising ineffective assistance of counsel claims on direct appeal. **See Concurring Memorandum**, **ante** at 6-7. The concurrence, however fails to note that in **Reider** this Court did not analyze the defendant's argument under the **Commonwealth ex rel. Washington v. Maroney**, 235 A.2d 349, 352-353 (Pa. 1967), *overruled*, **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987),

---

[8] The Concurring Memorandum's critique of this statement is puzzling. **See Concurring Memorandum**, **ante** at 9 n.4. Viewed from Appellant's perspective, the risk associated with waiting (the Commonwealth possibly withdrawing its plea offer) was dwarfed by the possible benefit (suppression of the blood test evidence).

framework, which was the governing law regarding ineffective assistance of counsel in 1978. Instead, this Court conducted the fair and just reason analysis required when evaluating a request to withdraw a guilty plea. **See Concurring Memorandum**, **ante** at 6. Thus, the fact that **Reider** was decided when ineffective assistance of counsel claims could be raised on direct appeal does not distinguish it from the case at bar as no such ineffectiveness claim was presented in **Reider**.

I acknowledge that three of seven members of this Court previously stated that a change in the law is not a fair and just reason for permitting withdrawal of a guilty plea. **Commonwealth v. West**, 378 A.2d 1289, 1292 (Pa. Super. 1977) (Spaeth, J., opinion announcing the judgment of the court). I find **West** unpersuasive for several reasons. First, as noted above, Judge Spaeth's opinion in **West** failed to garner a majority of the judges that heard the case. Second, the statement in **West** was dicta. Finally, the two cases cited for this proposition in **West**, **Commonwealth v. Williams**, 375 A.2d 155 (Pa. Super. 1977), and **Commonwealth v. Kamenca**, 323 A.2d 162 (Pa. Super. 1974), do not discuss changes in the law or whether such changes are fair and just reasons for permitting withdrawal of a guilty plea. Thus, I find **Reider**, decided one year after **West**, to be more instructive.

As noted above, motions to withdraw guilty pleas prior to sentencing should be liberally granted. **Commonwealth v. Garcia**, 43 A.3d 470, 476-477 (Pa. 2012); **Majority Memorandum**, **ante** at 2 (citation omitted). In

this case, after Appellant pled guilty, but prior to being sentenced, the law significantly changed as to require further inquiry to determine if his blood draw were consensual and voluntary. This change substantially altered the calculus of whether to file a motion to suppress. If, in light of **Birchfield**, Appellant successfully moved to suppress the results of his blood draw, this would no doubt have had a substantial impact on his decision to plead guilty to DUI – highest rate of alcohol, since this charge could no longer be proved. Accordingly, I conclude that Appellant provided a fair and just reason for withdrawing his guilty plea.[9]

Having determined that Appellant provided a fair and just reason, I turn to whether the Commonwealth would be substantially prejudiced by Appellant withdrawing his guilty plea. Neither the trial court, the Commonwealth, Justice Sevens, nor Judge Bowes point to any substantial prejudice that would result from Appellant withdrawing his guilty plea and I am similarly unable to detect any such prejudice. As such, I conclude that the Commonwealth will not be substantially prejudiced by the withdrawal of Appellant's guilty plea and I would vacate Appellant's judgment of sentence and remand for further proceedings.

---

[9] Contrary to Judge Bowes' argument, I am not attempting to "manufacture[] retroactive application of **Birchfield**." **Concurring Memorandum**, **ante** at 10. An opinion I joined, authored by now-Justice Donohue, shows that I believe that retroactive application of a rule is only appropriate on direct appeal if "the defendant preserved the issue in the trial court." **Commonwealth v. Brown**, 71 A.3d 1009, 1016 (Pa. Super. 2013), *appeal denied*, 77 A.3d 635 (Pa. 2013).

Under the Majority Memorandum's rationale, it would be very difficult, if not impossible, for a defendant to provide a fair and just reason to withdraw his or her guilty plea prior to sentencing. On the other hand, under the Concurring Memorandum's rationale, a defendant is never entitled to relief based on a change in the law that occurs prior to sentencing as such a claim would be deemed ineffective assistance of counsel which cannot be raised until collateral review and once considered, would offer no relief since counsel cannot be deemed ineffective for failing to anticipate a change in the law. Our Supreme Court, however, has repeatedly held that requests to withdraw guilty pleas should be liberally granted. In this case, the trial court failed to liberally grant Appellant's request.[10] Therefore, I respectfully dissent.

---

[10] The Concurring Memorandum posits that, even if I am correct regarding a change in the law being a fair and just reason to seek withdrawal of a guilty plea, we should vacate and remand for an evidentiary hearing instead of reversing. *See Concurring Memorandum*, *ante* at 8. The foundation of this position is that Appellant is raising an ineffective assistance of counsel claim. As I have explained, I believe that this foundational assumption is incorrect. Therefore, an evidentiary hearing is not necessary.